# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **CASE NO. 4:24-CR-34 (CDL)** |
| : | |
| **QUINE GRAY** : | |
| : | |
| **Defendant** : | |
| : | |

## PRELIMINARY ORDER OF FORFEITURE/MONEY JUDGMENT

WHEREAS, on July 25, 2025, Defendant Quine Gray (hereinafter "Gray" or "Defendant"), pled guilty to Count One of the Indictment charging her with Conspiracy to Commit Bank Fraud, in violation of Title 18, United States Code, Section 1349, in connection with Title 18, United States Code, Section 1344;

AND WHEREAS, the Indictment contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 18, United States Code, Section 982(a)(2)(A), of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense(s), including, but not limited to a personal money judgment in an amount to be determined;

AND WHEREAS, as part of her Plea Agreement, the Defendant consented to the forfeiture of a personal money judgment in the amount of four hundred seventy-five thousand, one hundred seventy-one dollars ($475,171.00), representing the proceeds of the fraud scheme, obtained directly or indirectly, as a result of such offense(s); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment";

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 982(a)(2)(A), 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the personal money judgment amount and the offense(s) of conviction, and the Defendant shall forfeit to the United States the sum of four hundred seventy-five thousand, one hundred seventy-one dollars ($475,171.00).

2. The United States District Court, Middle District of Georgia, shall retain jurisdiction in the case for the purpose of enforcing this Order of Forfeiture/Money Judgment.

3. Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Order of Forfeiture/Money Judgment shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

4. As issued this date, this Order of Forfeiture/Money Judgment consists of a judgment for a sum of money. The United States may, at any time, move pursuant to FED. R. CRIM. P. 32.2(e), to amend this Order of Forfeiture/Money Judgment if the

Government locates specific assets traceable to the subject property or other assets subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

SO ORDERED, this 2nd day of October, 2025.

S/Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA